UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
DEBORAH ROTH
individually and on behalf of
any and all similarly situated consumers

                            Plaintiff,

          -against-

VISION FINANCIAL CORP.

                          Defendant.
-----------------------------------------------------------

CV 12 0450

CLASS ACTION
COMPLAINT

**SUMMONS ISSUED**

BLOCK, J.

*FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. JAN 31 2012 LONG ISLAND OFFICE*

Plaintiff, by and through her attorney, Adam J. Fishbein, as and for her complaint alleges as follows:

## INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and/or on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2    Plaintiff is a natural person residing in Kings County, New York.

0.3    Upon information and belief, defendant is a collection agency which is a corporation and which is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in White Plains, New York.

## JURISDICTION

0.4    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

1.1    Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2 That a personal debt was allegedly incurred by the plaintiff to Executive Physician System.

1.3 That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4 The defendant sent a letter to the plaintiff an initial letter dated concerning one debt on May 31, 2011.

1.5 Said letters state in part as follows: "If you feel you have a suitable explanation for the balance remaining open, or you are unsure of its validity, you may contact us at 1-866-470-4580. If you have insurance we must ask that you please remit payment in full to us today and file your claim directly with YOUR INSURANCE CARRIER FOR REIMBURSEMENT. You will clear your account immediately by sending the bottom portion of this letter with your payment in full using the enclosed envelope or make payment online at **www.paybalance.com**."

1.6 Said language contradicts the consumer's right to dispute the debt within the initial thirty day period.

1.7 This cause of action is brought on behalf of plaintiff and the members of a class.

1.8 The class consists of consumers who received the same form letter, as did the plaintiff.

1.9 The Class consists of all persons whom Defendant's records reflect resided in New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiffs on or about May 31, 2011 (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692g and 1692e(10).

1.10 Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant and who spoke with a dishonest collector.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.11 A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting

in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.12   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.13   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.14   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a)   Defendant violated 15 U.S.C. § 1692g by contradicting the plaintiff's right to dispute the debt for the initial thirty day period.

    (b)   Defendant violated 15 U.S.C. § 1692e(10) by engaging in deceptive representations.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)   Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)   For such other and further relief as may be just and proper.

                      Dated: Cedarhurst, New York
                            January 30, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

PO BOX 460260
St. Louis, MO 63146-7260

2 5 00000338
858852



A National Debt Collection Agency
**VISION FINANCIAL CORP/
VISION HEALTHCARE FINANCIAL**
1-866-470-4580
**Healthcare Division**

 May 31, 2011

| Executive Physician System | |
|---|---|
| Account Balance: | $100.00 |
| Last Date of Service: | 02/14/2011 |
| Account#: | 9647871 |
| Pin#: | EPS213116 |
| ACCOUNT STATUS: | |
| LISTED FOR COLLECTION | |

DEBORAH ROTH
2059 58TH ST
BROOKLYN, NY 11204-2012

Dear DEBORAH ROTH:

We have been asked to contact you by our client, Executive Physician System, regarding your past due invoice with them. Their records indicate that your payment has not been received or processed as of the date of this correspondence, and is therefore listed for collection.

If you feel you have a suitable explanation for this balance remaining open, or you are unsure of its validity, you may contact us at 1-866-470-4580. If you have insurance we must ask that you please remit payment in full to us today and file your claim directly with YOUR INSURANCE CARRIER FOR REIMBURSEMENT. You will clear your account immediately by sending the bottom portion of this letter with your payment in full using the enclosed envelope or make payment online at www.paybalance.com. Your account will be properly credited and you will receive no further communication from us on this account.

Sincerely,

Marie Pane
Collection Department

**This communication from a debt collector is an attempt to collect a debt
and any information obtained will be used for that purpose.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**SEE REVERSE SIDE FOR IMPORTANT STATE AND FEDERAL INFORMATION**

▲ PLEASE DETACH HERE AND RETURN BOTTOM STUB WITH PAYMENT IN ENCLOSED ENVELOPE ▲

DEBORAH ROTH
2059 58TH ST
BROOKLYN, NY 11204-2012

| Executive Physician System | |
|---|---|
| Account Balance: | $100.00 |
| Last Date of Service: | 02/14/2011 |
| Account#: | 9647871 |
| Pin#: | EPS213116 |

Please Remit Payment To:

VISION FINANCIAL CORP/
VISION HEALTHCARE FINANCIAL
PO BOX 460260
St. Louis, MO 63146-7260

☐ VISA   ☐ MASTERCARD   ☐ AMER EXP
CARD NUMBER   EXP DATE   AMOUNT
MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD
SIGNATURE




VFC047
Vision.wfd
858852